**Zhang Yuan ZHI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–5515–ag.**

United States Court of Appeals,
Second Circuit.

May 15, 2006.

Michael Brown, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia; Madelyn E. Johnson, Heather R. Phillips, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 15th day of May, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhang Yuan Zhi, through counsel, petitions for review of the BIA's September 23, 2004 order denying his motion to reconsider the BIA's prior dismissal of his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao*, 265 F.3d at 90.

Here, the BIA did not abuse its discretion in denying Zhi's motion to reopen. First, the BIA properly construed the April 2004 letter from Zhi's counsel as a

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

motion to reconsider in order to find Zhi's motion timely. Second, the BIA considered Zhi's argument regarding why he did not receive the briefing schedule, *i.e.*, that he had "temporarily" changed his address, and reasonably found that Zhi was to blame because he had not provided the BIA with his new address. Accordingly, the BIA properly declined to reconsider or reopen its earlier decision summarily dismissing the appeal and provided adequate reasoning for doing so. *See Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.